**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SEAN WANG;** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO.: 3:25-cv-03129-N** |
| | § | |
| **SOUTHERN METHODIST** | § | |
| **UNIVERSITY,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

---

**SOUTHERN METHODIST UNIVERSITY'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT**

---

Defendant Southern Methodist University ("SMU" or "Defendant") files its Answer to Plaintiff Sean Wang's ("Plaintiff") First Amended Complaint (Doc. 13, the "Amended Complaint"), and would respectfully show the Court as follows:

Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted.

SMU admits that Plaintiff purports to assert claims against SMU arising under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and Texas common law, but denies any liability under Section 1981, Texas common law, or any other law, and denies that Plaintiff is entitled to any relief thereunder.

**NATURE OF THIS ACTION**

1.     SMU denies the allegations contained in Paragraph 1 of the "Nature of this Action"

section of the Amended Complaint.[1]

2.      SMU admits that Plaintiff purports to assert claims against SMU arising under the Civil Rights Act of 1866 and regarding alleged "contractual agreements and promises made with Dr. Wang," but denies the existence of any contractual right or that Plaintiff is entitled to any relief thereunder and denies the remaining allegations contained in Paragraph 2 of the "Nature of this Action" section of the Amended Complaint.

3.      SMU admits that Plaintiff seeks injunctive relief in this lawsuit but denies that he is entitled to any relief whatsoever, and otherwise denies any remaining allegations contained in Paragraph 3 of the "Nature of this Action" section of the Amended Complaint.

## JURISDICTION AND VENUE

1.      SMU admits that Plaintiff purports to assert claims against SMU arising under Section 1981, and that Plaintiff is seeking declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202. SMU denies that Plaintiff is entitled to any relief whatsoever, and otherwise denies any remaining allegations contained in Paragraph 1 of the "Jurisdiction and Venue" section of the Amended Complaint.

2.      SMU admits that jurisdiction is proper as alleged in Paragraph 2 of the "Jurisdiction and Venue" section of the Amended Complaint.

3.      SMU admits that venue is proper in this judicial district but otherwise denies the remaining allegations in Paragraph 3 of the "Jurisdiction and Venue" section of the Amended Complaint.

---

[1] The numbering of paragraphs throughout Plaintiff's Amended Complaint is not consistent or sequential in several instances. As such, SMU has referred to the title of the section in which the allegation appears, in addition to the subsection in which the allegation appears, as necessary, for the avoidance of doubt.

## PARTIES

4.      Upon information and belief, SMU admits the allegations contained in Paragraph 4 of the "Parties" section of the Amended Complaint.

5.      Upon information and belief, SMU admits the allegations contained in Paragraph 5 of the "Parties" section of the Amended Complaint.

6.      SMU admits the allegations contained in Paragraph 6 of the "Parties" section of the Amended Complaint.

7.      SMU admits the allegations contained in Paragraph 7 of the "Parties" section of the Amended Complaint.

## FACTUAL ALLEGATIONS

### Background

1.      SMU admits the allegations contained in Paragraph 1 of the "Background" subsection of the "Factual Allegations" section of the Amended Complaint.

2.      SMU denies the allegations contained in Paragraph 2 of the "Background" subsection of the "Factual Allegations" section of the Amended Complaint.

3.      SMU denies the allegations contained in Paragraph 3 of the "Background" subsection of the "Factual Allegations" section of the Amended Complaint.

4.      SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 4 of the "Background" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

5.      SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 5 of the "Background" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

6.    SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 6 of the "Background" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

7.    SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 7 of the "Background" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

8.    SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 8 of the "Background" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

9.    SMU affirmatively alleges that any "federal anti-discrimination laws" referred to in Paragraph 9 of the "Background" subsection of the "Factual Allegations" section of the Amended Complaint speak for themselves. SMU is otherwise without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 9 of the "Background" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

10.    SMU admits the allegations contained in Paragraph 10 of the "Background" subsection of the "Factual Allegations" section of the Amended Complaint.

11.    SMU denies the allegations contained in Paragraph 11 of the "Background" subsection of the "Factual Allegations" section of the Amended Complaint.

12.    SMU denies the allegations contained in Paragraph 12 of the "Background" subsection of the "Factual Allegations" section of the Amended Complaint.

**The Tenure Process**

13.     SMU affirmatively alleges that the document referenced in Paragraph 13 of "The Tenure Process" subsection of the "Factual Allegations" section of the Amended Complaint speaks for itself, and no response to this Paragraph is necessary. To the extent a response is necessary, SMU admits only that the Promotion and Tenure Manual states that the productivity standard is "at least four (4) top-tier publications within the six (6) year probationary period," but asserts there are other requirements for tenure. SMU denies any remaining allegations contained in Paragraph 13 of "The Tenure Process" subsection of the "Factual Allegations" section of the Amended Complaint.

14.     SMU affirmatively alleges that the document referenced in Paragraph 14 of "The Tenure Process" subsection of the "Factual Allegations" section of the Amended Complaint speaks for itself, and no response to this Paragraph is necessary. To the extent a response is necessary, SMU admits only that the Promotion and Tenure Manual provides a list of "top-tier publications" and that this is but one factor considered in the tenure and promotion process. SMU denies any remaining allegations contained in Paragraph 14 of "The Tenure Process" subsection of the "Factual Allegations" section of the Amended Complaint.

15.     SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 15 of "The Tenure Process" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

16.     SMU admits that Dr. Wang graduated from Cornell University with a PhD in accounting and previously worked at the UNC Kenan-Flager School of Business. SMU denies the remaining allegations contained in Paragraph 16 of "The Tenure Process" subsection of the "Factual Allegations" section of the Amended Complaint.

17.    SMU admits the allegations contained in Paragraph 17 of "The Tenure Process" subsection of the "Factual Allegations" section of the Amended Complaint.

18.    SMU denies the allegations contained in Paragraph 18 of "The Tenure Process" subsection of the "Factual Allegations" section of the Amended Complaint.

19.    SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 19 of "The Tenure Process" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

20.    SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 20 of "The Tenure Process" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

21.    SMU denies the allegations contained in Paragraph 21 of "The Tenure Process" subsection of the "Factual Allegations" section of the Amended Complaint.

22.    SMU denies the allegations contained in Paragraph 22 of "The Tenure Process" subsection of the "Factual Allegations" section of the Amended Complaint.

23.    SMU admits that the Cox School of Business maintains a Tenure Policy and Procedures, but denies the allegations contained in Paragraph 23 of "The Tenure Process" subsection of the "Factual Allegations" section of the Amended Complaint.

24.    SMU denies the allegations contained in Paragraph 24 of "The Tenure Process" subsection of the "Factual Allegations" section of the Amended Complaint.

25.    SMU denies the allegations contained in Paragraph 25 of "The Tenure Process" subsection of the "Factual Allegations" section of the Amended Complaint.

26.    SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 26 of "The Tenure Process" subsection of the "Factual

Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

27.    SMU denies the allegations contained in Paragraph 27 of "The Tenure Process" subsection of the "Factual Allegations" section of the Amended Complaint.

28.    SMU denies the allegations contained in Paragraph 28 of "The Tenure Process" subsection of the "Factual Allegations" section of the Amended Complaint.

29.    SMU denies the allegations contained in Paragraph 29 of "The Tenure Process" subsection of the "Factual Allegations" section of the Amended Complaint.

**Alleged Pattern of Discrimination Against Non-Indian Faculty**

23.    SMU denies the allegations contained in Paragraph 23 of the "Pattern of Discrimination Against Non-Indian Faculty" subsection of the "Factual Allegations" section of the Amended Complaint.

24.    SMU admits only that Professors Bhattacharya and Bhat were granted tenure, but is otherwise without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 24 of the "Pattern of Discrimination Against Non-Indian Faculty" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time. SMU affirmatively alleges that SMU's stated productivity standard is but one factor considered in the tenure and promotion process.

25.    SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 25 of the "Pattern of Discrimination Against Non-Indian Faculty" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time. SMU affirmatively alleges that SMU's stated productivity standard is but one factor considered in the tenure and promotion process.

26.    SMU denies the allegations contained in Paragraph 26 of the "Pattern of

**SOUTHERN METHODIST UNIVERSITY'S ANSWER**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**                                    **Page 7**

Discrimination Against Non-Indian Faculty" subsection of the "Factual Allegations" section of the Amended Complaint.

27.     SMU denies the allegations contained in Paragraph 27 of the "Pattern of Discrimination Against Non-Indian Faculty" subsection of the "Factual Allegations" section of the Amended Complaint.

28.     SMU admits only that Dr. Pizzini was not granted tenure at SMU, but denies the remaining allegations contained in Paragraph 28 of the "Pattern of Discrimination Against Non-Indian Faculty" subsection of the "Factual Allegations" section of the Amended Complaint.

29.     SMU admits only that Dr. Pizzini filed a lawsuit against SMU, but otherwise denies the allegations contained in Paragraph 29 of the "Pattern of Discrimination Against Non-Indian Faculty" subsection of the "Factual Allegations" section of the Amended Complaint.

30.     SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 30 of the "Pattern of Discrimination Against Non-Indian Faculty" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

31.     SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 31 of the "Pattern of Discrimination Against Non-Indian Faculty" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

32.     SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 32 of the "Pattern of Discrimination Against Non-Indian Faculty" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

33.     SMU denies the allegations contained in the first and second sentences of Paragraph 33 of the "Pattern of Discrimination Against Non-Indian Faculty" subsection of the "Factual Allegations" section of the Amended Complaint.

**Alleged Discriminatory Treatment of Dr. Wang**

34.     SMU denies the allegations contained in Paragraph 34 of the "Discriminatory Treatment of Dr. Wang" subsection of the "Factual Allegations" section of the Amended Complaint.

35.     SMU denies the allegations contained in Paragraph 35 of the "Discriminatory Treatment of Dr. Wang" subsection of the "Factual Allegations" section of the Amended Complaint.

36.     SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 36 of the "Discriminatory Treatment of Dr. Wang" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

37.     SMU denies the allegations contained in Paragraph 37 of the "Discriminatory Treatment of Dr. Wang" subsection of the "Factual Allegations" section of the Amended Complaint.

38.     SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 38 of the "Discriminatory Treatment of Dr. Wang" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

39.     SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 39 of the "Discriminatory Treatment of Dr. Wang" subsection

of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

40.    SMU admits only that Plaintiff received a second contract, but otherwise denies the remaining allegations contained in Paragraph 40 of the "Discriminatory Treatment of Dr. Wang" subsection of the "Factual Allegations" section of the Amended Complaint.

41.    SMU denies the allegations contained in Paragraph 41 of the "Discriminatory Treatment of Dr. Wang" subsection of the "Factual Allegations" section of the Amended Complaint.

42.    SMU denies the allegations contained in Paragraph 42 of the "Discriminatory Treatment of Dr. Wang" subsection of the "Factual Allegations" section of the Amended Complaint.

43.    SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 43 of the "Discriminatory Treatment of Dr. Wang" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

44.    SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 44 of the "Discriminatory Treatment of Dr. Wang" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

45.    SMU admits only that Dr. Desai served as the Chair of the Accounting Department and was involved in the tenure process. SMU denies the remaining allegations contained in Paragraph 45 of the "Discriminatory Treatment of Dr. Wang" subsection of the "Factual Allegations" section of the Amended Complaint.

**Alleged Additional Corroborating Testimony**

46.    SMU admits only that Professor Robin Pinkley wrote a letter to Dean Myers, and that the letter speaks for itself, but otherwise denies the allegations contained in Paragraph 46 of the "Additional Corroborating Testimony" subsection of the "Factual Allegations" section of the Amended Complaint.

47.    SMU admits only that Professor Robin Pinkley wrote a letter to Dean Myers and that the letter speaks for itself, but otherwise denies the allegations contained in Paragraph 47 of the "Additional Corroborating Testimony" subsection of the "Factual Allegations" section of the Amended Complaint.

48.    SMU admits only that Professor Pab Jotikasthira shared a personal opinion with Plaintiff, and the document speaks for itself, but otherwise denies the allegations contained in Paragraph 48 of the "Additional Corroborating Testimony" subsection of the "Factual Allegations" section of the Amended Complaint.

49.    SMU admits only that Professor Pab Jotikasthira shared a personal opinion with Plaintiff, and the document speaks for itself, but otherwise denies the allegations contained in Paragraph 49 of the "Additional Corroborating Testimony" subsection of the "Factual Allegations" section of the Amended Complaint.

50.    SMU admits only that Professor Pab Jotikasthira shared a personal opinion with Plaintiff, and the document speaks for itself, but otherwise denies the allegations contained in Paragraph 50 of the "Additional Corroborating Testimony" subsection of the "Factual Allegations" section of the Amended Complaint.

51.    SMU admits only Professor Jeff Hales wrote a letter to SMU's then-President Dr. Gerald Turner and the letter speaks for itself, but otherwise denies the allegations contained in

**SOUTHERN METHODIST UNIVERSITY'S ANSWER**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**                                      **Page 11**

Paragraph 51 of the "Additional Corroborating Testimony" subsection of the "Factual Allegations" section of the Amended Complaint.

52.    SMU admits only Professor Jeff Hales wrote a letter to SMU's then-President Dr. Gerald Turner and the letter speaks for itself, but otherwise denies the allegations contained in the first and second sentences of Paragraph 52 of the "Additional Corroborating Testimony" subsection of the "Factual Allegations" section of the Amended Complaint.

53.    SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 53 of the "Additional Corroborating Testimony" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

54.    SMU denies the allegations contained in Paragraph 54 of the "Additional Corroborating Testimony" subsection of the "Factual Allegations" section of the Amended Complaint.

55.    SMU admits only that Professor Robin Pinkley wrote a letter to Dean Myers and that the letter speaks for itself, but otherwise denies the allegations contained in Paragraph 55 of the "Additional Corroborating Testimony" subsection of the "Factual Allegations" section of the Amended Complaint.

**Alleged Discriminatory Office Assignments**

56.    SMU denies the allegations contained in Paragraph 56 of the "Discriminatory Office Assignments" subsection of the "Factual Allegations" section of the Amended Complaint.

57.    SMU denies the allegations contained in Paragraph 57 of the "Discriminatory Office Assignments" subsection of the "Factual Allegations" section of the Amended Complaint.

58.    SMU denies the allegations contained in Paragraph 58 of the "Discriminatory

Office Assignments" subsection of the "Factual Allegations" section of the Amended Complaint.

59.    SMU denies the allegations contained in Paragraph 59 of the "Discriminatory Office Assignments" subsection of the "Factual Allegations" section of the Amended Complaint.

## Alleged Misclassification of Race

60.    SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 60 of the "Misclassification of Race" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

61.    SMU denies the allegations contained in Paragraph 61 of the "Misclassification of Race" subsection of the "Factual Allegations" section of the Amended Complaint.

62.    SMU denies the allegations contained in Paragraph 62 of the "Misclassification of Race" subsection of the "Factual Allegations" section of the Amended Complaint.

## Alleged Predetermined Discrimination and Retaliation

63.    SMU denies the allegations contained in Paragraph 63 of the "Predetermined Discrimination and Retaliation" subsection of the "Factual Allegations" section of the Amended Complaint.

64.    SMU denies the allegations contained in Paragraph 64 of the "Predetermined Discrimination and Retaliation" subsection of the "Factual Allegations" section of the Amended Complaint.

65.    SMU denies the allegations contained in Paragraph 65 of the "Predetermined Discrimination and Retaliation" subsection of the "Factual Allegations" section of the Amended Complaint.

66.     SMU denies the allegations contained in Paragraph 66 of the "Predetermined Discrimination and Retaliation" subsection of the "Factual Allegations" section of the Amended Complaint.

67.     SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 67 of the "Predetermined Discrimination and Retaliation" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

68.     SMU denies the allegations contained in Paragraph 68 of the "Predetermined Discrimination and Retaliation" subsection of the "Factual Allegations" section of the Amended Complaint.

69.     SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 69 of the "Predetermined Discrimination and Retaliation" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

70.     SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 70 of the "Predetermined Discrimination and Retaliation" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

71.     SMU admits only that Plaintiff raised concerns to the Dean, but otherwise denies the remaining allegations contained in Paragraph 71 of the "Predetermined Discrimination and Retaliation" subsection of the "Factual Allegations" section of the Amended Complaint.

72.     SMU denies the allegations contained in Paragraph 72 of the "Predetermined Discrimination and Retaliation" subsection of the "Factual Allegations" section of the Amended Complaint.

73.     SMU admits only that Plaintiff raised concerns and filed an appeal to the Provost, but otherwise denies the remaining allegations contained in Paragraph 73 of the "Predetermined Discrimination and Retaliation" subsection of the "Factual Allegations" section of the Amended Complaint.

74.     SMU admits that the Provost denied Plaintiff's tenure appeal and issued a "terminal year" notice for 2025–2026, but otherwise denies the remaining allegations contained in Paragraph 74 of the "Predetermined Discrimination and Retaliation" subsection of the "Factual Allegations" section of the Amended Complaint.

75.     SMU admits only that Plaintiff appealed the tenure decision to the President and that the appeal was denied, but denies the remaining allegations contained in Paragraph 75 of the "Predetermined Discrimination and Retaliation" subsection of the "Factual Allegations" section of the Amended Complaint.

**Alleged Violation of Academic Freedom**

76.     SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 76 of the "Violation of Academic Freedom" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

77.     SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 77 of the "Violation of Academic Freedom" subsection of the "Factual Allegations" section of the Amended Complaint, and, therefore, denies them at this time.

78.     SMU denies the allegations contained in Paragraph 78 of the "Violation of Academic Freedom" subsection of the "Factual Allegations" section of the Amended Complaint.

**Tenure Denial Despite Alleged Outstanding Record**

79.     SMU admits only that Dr. Desai communicated the negative tenure decision to Plaintiff. SMU is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 79 of the "Tenure Denial Despite Outstanding Record" subsection of the "Factual Allegations" section of the Amended Complaint and, therefore, denies them at this time.

80.     SMU admits only that the Promotion and Tenure Committee voted three to two against awarding tenure to Plaintiff, but denies the remaining allegations contained in Paragraph 80 of the "Tenure Denial Despite Outstanding Record" subsection of the "Factual Allegations" section of the Amended Complaint.

81.     SMU denies the allegations contained in Paragraph 81 of the "Tenure Denial Despite Outstanding Record" subsection of the "Factual Allegations" section of the Amended Complaint.

82.     SMU denies the allegations contained in Paragraph 82 of the "Tenure Denial Despite Outstanding Record" subsection of the "Factual Allegations" section of the Amended Complaint.

83.     SMU admits only that Plaintiff appealed his tenure denial and complained about alleged discrimination, and denies any remaining allegations contained in Paragraph 83 of the "Tenure Denial Despite Outstanding Record" subsection of the "Factual Allegations" section of the Amended Complaint.

84.     SMU admits the allegations contained in Paragraph 84 of the "Factual Allegations" section of the Amended Complaint.

85.     SMU admits only that Plaintiff complained about alleged discrimination, but denies any remaining allegations contained in Paragraph 85 of the "Tenure Denial Despite Outstanding Record" subsection of the "Factual Allegations" section of the Amended Complaint.

86.     SMU denies the allegations contained in Paragraph 86 of the "Tenure Denial Despite Outstanding Record" subsection of the "Factual Allegations" section of the Amended Complaint.

87.     SMU denies the allegations contained in Paragraph 87 of the "Tenure Denial Despite Outstanding Record" subsection of the "Factual Allegations" section of the Amended Complaint.

88.     SMU denies the allegations contained in Paragraph 88 of the "Tenure Denial Despite Outstanding Record" subsection of the "Factual Allegations" section of the Amended Complaint.

## CAUSES OF ACTION

### Alleged Violation of the Civil Rights Act of 1866 – Race and National Origin Discrimination

89.     SMU reasserts its responses to all preceding Paragraphs of the Amended Complaint as if set forth fully herein.

90.     SMU denies the allegations contained in Paragraph 90 of the "Causes of Action" section of the Amended Complaint.

91.     SMU denies the allegations contained in Paragraph 91 of the "Causes of Action" section of the Amended Complaint.

92.     SMU denies the allegations contained in Paragraph 92 of the "Causes of Action" section of the Amended Complaint.

93.     SMU denies the allegations contained in Paragraph 93 of the "Causes of Action" section of the Amended Complaint.

94.     SMU denies the allegations contained in Paragraph 94 of the "Causes of Action" section of the Amended Complaint.

### Alleged Violation of the Civil Rights Act of 1866 – Retaliation

95.     SMU reasserts its responses to all preceding Paragraphs of the Amended Complaint as if set forth fully herein.

96.     SMU admits only that Plaintiff raised concerns to SMU regarding discrimination, but denies the remaining allegations contained in Paragraph 96 of the "Causes of Action" section of the Amended Complaint.

97.     SMU is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 97 of the "Causes of Action" section of the Amended Complaint, and, therefore, denies them at this time.

98.     SMU admits only that it denied Plaintiff's application for tenure and the Provost denied Plaintiff's appeal, but otherwise denies the remaining allegations contained in Paragraph 98 of the "Causes of Action" section of the Amended Complaint.

99.     SMU admits only that Plaintiff appealed the tenure decision to the President on April 17, 2025, and otherwise denies any remaining allegations contained in Paragraph 99 of the "Causes of Action" section of the Amended Complaint.

100.    SMU admits only that the President denied Plaintiff's appeal and closed the appeal process, but denies the remaining allegations contained in Paragraph 100 of the "Causes of Action" section of the Amended Complaint.

101.    SMU denies the allegations contained in Paragraph 101 of the "Causes of Action" section of the Amended Complaint.

102.    SMU denies the allegations contained in Paragraph 102 of the "Causes of Action" section of the Amended Complaint.

103.    SMU denies the allegations contained in Paragraph 103 of the "Causes of Action" section of the Amended Complaint.

**Alleged Breach of Contract**

104.    SMU denies the allegations contained in Paragraph 104 of the "Causes of Action" section of the Amended Complaint.

105.    SMU admits the allegations contained in Paragraph 105 of the "Causes of Action" section of the Amended Complaint.

106.    SMU denies the allegations contained in Paragraph 106 of the "Causes of Action" section of the Amended Complaint.

107.    SMU denies the allegations contained in Paragraph 107 of the "Causes of Action" section of the Amended Complaint.

108.    SMU denies the allegations contained in Paragraph 108 of the "Causes of Action" section of the Amended Complaint.

**Alleged Promissory Estoppel**

109.    SMU denies the allegations contained in Paragraph 109 of the "Causes of Action" section of the Amended Complaint.

110.    SMU denies the allegations contained in Paragraph 110 of the "Causes of Action" section of the Amended Complaint.

111.    SMU denies the allegations contained in Paragraph 111 of the "Causes of Action" section of the Amended Complaint.

112.    SMU denies the allegations contained in Paragraph 112 of the "Causes of Action" section of the Amended Complaint.

113.    SMU denies the allegations contained in Paragraph 113 of the "Causes of Action" section of the Amended Complaint.

114.    SMU denies the allegations contained in Paragraph 114 of the "Causes of Action" section of the Amended Complaint.

115.    SMU denies the allegations contained in Paragraph 115 of the "Causes of Action" section of the Amended Complaint.

116.    SMU denies that Plaintiff was qualified to obtain tenure at SMU, but is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 116 of the "Causes of Action" section of the Amended Complaint and, therefore, denies them at this time.

## INJUNCTIVE RELIEF

117.    SMU denies the allegations contained in Paragraph 117 of the "Injunctive Relief" section of the Amended Complaint. SMU further denies that Plaintiff is entitled to injunctive, or any other, relief related to his allegations in the Amended Complaint.

118.    SMU admits only that Plaintiff purports to seek injunctive relief, but denies that Plaintiff is entitled to injunctive, or any other, relief related to his allegations in the Amended Complaint. SMU otherwise denies the allegations contained in Paragraph 118 of the "Injunctive

Relief" section of the Amended Complaint.

119. SMU denies the allegations contained in Paragraph 119 of the "Injunctive Relief" section of the Amended Complaint. SMU further denies that Plaintiff is entitled to reinstatement, injunctive, or any other, relief related to his allegations in the Amended Complaint.

120. SMU denies the allegations contained in Paragraph 120 of the "Injunctive Relief" section of the Amended Complaint. SMU further denies that Plaintiff is entitled to injunctive, or any other, relief related to his allegations in the Amended Complaint.

121. SMU denies the allegations contained in Paragraph 121 of the "Injunctive Relief" section of the Amended Complaint. SMU further denies that Plaintiff is entitled to injunctive, or any other, relief related to his allegations in the Amended Complaint.

## DAMAGES

122. SMU denies the allegations contained in Paragraph 122 of the "Damages" section of the Amended Complaint, and denies that Plaintiff is entitled to any damages, or relief of any kind, in this case, including, without limitation, the requested relief set forth in subsections (a) through (f), inclusive.

123. SMU denies the allegations contained in Paragraph 123 of the "Damages" section of the Amended Complaint.

## PRAYER FOR RELIEF

SMU denies that Plaintiff is entitled to any relief of any kind, including, without limitation, the requested relief in subsections (A) through (I), inclusive.

## JURY DEMAND

SMU admits that Plaintiff seeks a jury trial in this matter.

## DEFENSES & AFFIRMATIVE DEFENSES

SMU asserts the following defenses and affirmative defenses, without assuming any burden of production or proof that it would not otherwise have:

1.      Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3.      Plaintiff has failed, in whole or in part, to mitigate, or reasonably mitigate, his damages, if any.

4.      At all times, SMU made reasonable, good faith efforts to comply with Section 1981, and any and all other applicable laws with regard to Plaintiff's employment. Plaintiff's race, national origin, alleged protected activity and any other protected factors were not factors in any decision made by SMU with regard to Plaintiff's employment or tenure applications.

5.      To the extent Plaintiff seeks remedies beyond those available under Section 1981, such remedies are improper.

6.      SMU took no actions with respect to Plaintiff's employment that were contrary to any applicable law.

7.      Plaintiff cannot satisfy the burden of proof regarding his claims against SMU.

8.      Plaintiff's claims fail because he cannot establish a *prima facie* case of discrimination.

9.      Plaintiff's claims fail because he cannot establish a *prima facie* case of retaliation.

10.     Plaintiff's claims fail because all decisions made with respect to Plaintiff's employment were made for legitimate, non-discriminatory and non-retaliatory reasons.

11.    To the extent any agent or employee of SMU engaged in any of the actions alleged in the Amended Complaint, which is specifically denied, he or she was acting outside the scope and course of his or her employment.

12.    Plaintiff is not entitled to recover any sum for attorney's fees.

13.    Any claims and allegations are barred to the extent they exceed any charge timely filed with the Equal Employment Opportunity Commission and/or Texas Workforce Commission, and/or for which Plaintiff received a right-to-sue letter more than ninety (90) days before filing his case, if any.

14.    Plaintiff's claims for discrimination and retaliation fail, in whole or in part, because he cannot prove that SMU's legitimate, non-discriminatory, and non-retaliatory reasons for its employment actions are pretextual and/or that, but for Plaintiff's race, national origin, or alleged protected activity, SMU would not have taken the same employment actions.

15.    Without admitting any liability, SMU states that any claim by Plaintiff for front pay, including, without limitation, future lost wages and benefits and future lost income, is too speculative to be permitted.

16.    Without admitting any liability, SMU states that any claim by Plaintiff for "emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life" is too speculative to be permitted.

17.    Without admitting any liability, SMU states that any claim by Plaintiff for "damage to professional reputation" is too speculative to be permitted.

18.    Plaintiff is not entitled to duplicative remedies for the same underlying actions or omissions in this action.  Plaintiff is required to elect his remedies.

**SOUTHERN METHODIST UNIVERSITY'S ANSWER**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**                                                    **Page 23**

19.    To the extent Plaintiff seeks the recovery of punitive damages, SMU alleges that the award of such damages is unconstitutional or, alternatively, that the standards for the assessment and award of such damages are unconstitutional.

20.    To the extent Plaintiff seeks the recovery of punitive damages, such claim is barred because any improper actions by SMU's agents or employee(s), which SMU expressly denies, were contrary to SMU good faith efforts to comply with Section 1981 and any other applicable law.

21.    Any alleged actions by SMU or its employees or agents, the actual occurrence of which are specifically denied, were not undertaken willfully, with malice, with intent to harm or with conscious or reckless disregard to Plaintiff's protected rights.

22.    Plaintiff's claims are limited, in whole or in part, because SMU exercised reasonable care to prevent and correct promptly any discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by SMU or to avoid harm otherwise.

23.    Plaintiff's claims are limited, in whole or in part, because SMU took immediate and appropriate corrective action to stop any alleged discriminatory behavior.

24.    Plaintiff's claims and/or recovery of damages is limited, in whole or in part, by the doctrine of after-acquired evidence.

25.    Plaintiff's damages, if any, the existence of which are specifically denied, are the result of the actions of third parties for whom SMU is not responsible.

26.    The Amended Complaint and the purported claims for relief stated therein are barred in whole or in part by the doctrines of waiver, laches, unclean hands, ratification, Plaintiff's own acts or omissions, or estoppel.

27.    Plaintiff's claims are barred, in whole or in part, because the alleged contract is indefinite and is missing essential terms and as such is unenforceable.

28.    Plaintiff's claims are barred, in whole or in part, because the alleged contract is unenforceable due to the mistaken belief of one or both of Plaintiff and/or SMU.

29.    Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

30.    The alleged contract is without consideration.

31.    Plaintiff's claims are barred, in whole or in part, due to misrepresentations of material facts made by Plaintiff.

32.    Plaintiff's claims are barred, in whole or in part, because any alleged contract is void due to fraud in the inducement.

33.    Plaintiff's claims are barred, in whole or in part, by the doctrine of novation.

34.    Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

35.    Plaintiff's claims are barred, in whole or in part, because all conditions precedent to the performance of the alleged contract have not been met.

36.    Plaintiff's claims are barred, in whole or in part, by the doctrines of repudiation and estoppel.

37.    Plaintiff is not entitled to injunctive relief because he has failed to show a real and immediate threat of future harm.

38.    As a result of Plaintiff's actions herein, SMU has been required to retain the services of the undersigned attorneys, and SMU is entitled to an award of its reasonable attorneys' fees and costs incurred in defending this action.

39.    Each defense or affirmative defense is made without admitting the burden of proof and is stated in the alternative and exists separately from all other defenses or affirmative defenses.

40.    SMU reserves the right to plead any additional defenses or affirmative defenses that may be applicable based on evidence revealed during discovery.

WHEREFORE, PREMISES CONSIDERED, SMU prays that, upon final hearing hereof, judgment be rendered that Plaintiff take nothing by his Complaint, and that SMU be awarded its costs and expenses, as well as such other and further relief, at law and in equity, to which it may be justly entitled.

Dated: January 16, 2026                    Respectfully submitted,


                                    /s/ Robin G. Shaughnessy
                                    Robin G. Shaughnessy
                                      State Bar No. 24012713
                                      robin.shaughnessy@troutman.com
                                    Aaron S. Nava
                                      State Bar No. 24134375
                                      aaron.nava@troutman.com
                                    TROUTMAN PEPPER LOCKE LLP
                                    2200 Ross Avenue, Suite 2800
                                    Dallas, Texas 75201
                                    (214) 740-8000 (Telephone)
                                    (214) 740-8800 (Telecopier)

                                    **ATTORNEYS FOR DEFENDANT
                                    SOUTHERN METHODIST UNIVERSITY**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via ECF electronic service, on this 16th day of January 2026, to all counsel of record.


                                    /s/ Robin G. Shaughnessy
                                    Robin G. Shaughnessy