IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SEAN WANG,                          §
                                    §
        Plaintiff,                  §
                                    §
v.                                  §        Civil Action No. 3:25-CV-3129-N
                                    §
SOUTHERN METHODIST                  §
UNIVERSITY,                         §
                                    §
        Defendant.                  §

## ORDER

This Order addresses Plaintiff Sean Wang's motion for preliminary injunction [17]. For the following reasons, the Court denies the motion. Similarly, the Court denies Wang's emergency motion for a temporary restraining order ("TRO") [21] as moot.

## I. ORIGINS OF THE MOTIONS

Defendant Southern Methodist University ("SMU") hired Wang, a Taiwanese American, as a tenure-track assistant professor of accounting in 2018. Pl.'s Mot. Br. 1, 7 [17]. SMU's tenure procedures establish a six-year probationary period with a third year and sixth-year tenure review. *Id*. at 7. The productivity standard for tenure applicants is "at least four (4) top-tier publications within the six (6) year probationary period." *Id*. SMU denied tenure to Wang because SMU's advisory committees concluded that his research was not "unquestionably outstanding," as required by SMU's tenure requirements. Def.'s Resp. 1 [23]. After he did not achieve tenure, SMU gave Wang a terminal year contract that concluded his employment on May 31, 2026. *Id*.

ORDER – PAGE 1

Wang alleges that SMU denied him tenure despite his qualifications, including publications in ten top-tier journals, because SMU's accounting department prefers to hire candidates of Indian descent and systemically treats Indian candidates more favorably than non-Indian candidates.  Pl.'s Br. 8, 20–21.  Wang filed this motion for preliminary injunction, seeking to stay his termination or reinstate his position before the Fall semester to avoid irreparable harm.  *See generally*, Pl.'s Mot. Br.  Additionally, on May 28, 2026, Wang filed an emergency motion for a TRO seeking the same relief he requested in his preliminary injunction motion.  Pl.'s TRO Mot. 1 [21].

## II.  PRELIMINARY INJUNCTION STANDARD

To obtain a preliminary injunction, the movant must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Tex. Midstream Gas Servs., LLC. v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (citation omitted)).  The party seeking the preliminary injunction bears the burden of persuasion on all four requirements.  *Bluefield Water Ass'n, Inc. v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009).

## III.  THE COURT DENIES THE MOTIONS

Wang alleges that he will suffer imminent and irreparable harm if the Court does not grant his motion and prevent his termination from SMU.  Specifically, he argues that he will suffer reputational harm that will severely harm his chances in the academic job market.  Pl.'s Br. 24.  However, Wang fails to provide sufficient evidence that his injury is more than speculative.

ORDER – PAGE 2

The Fifth Circuit has held that, in employment cases and especially tenure denial cases, preliminary injunctions are inappropriate because "statutory relief is available to compensate for damages if a plaintiff succeeds." *Diggs v. Proesis Bio LLC*, 2025 WL 2212196 at \*2 (N. D. Tex., 2025); *see e.g., Van Arsdel v. Tex. A&M Univ.*, 628 F.2d 344, 346 (5th Cir. 1980) (vacating a professor's preliminary injunction "[s]ince reinstatement after trial, coupled with back pay, would suffice to redress appellee's alleged wrong").

Therefore, absent any evidence demonstrating that the perceived harm resulting from his termination is more than speculative, Wang fails to carry his burden of demonstrating irreparable harm absent his requested relief.  Furthermore, Wang filed this motion on May 8, 2026, despite knowing for over a year that he would be terminated on May 31. 2026.  Def.'s Resp. 1.  This lack of urgency in seeking relief tends to support the conclusion that Wang is unlikely to suffer irreparable harm.  Accordingly, the Court denies Wang's motion.

## CONCLUSION

The Court denies Wang's motion for preliminary injunction.  The Court also denies Wang's emergency motion for a TRO as moot.

Signed June 3, 2026.

David C. Godbey
Senior United States District Judge

ORDER – PAGE 3